IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID T. TAYLOR,

               OPINION AND ORDER

        Petitioner,

               13-cr-154-bbc

    v.               17-cv-341-bbc

UNITED STATES OF AMERICA,

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner David T. Taylor has filed a motion for post conviction relief under 28 U.S.C. § 2255, asserting that he is entitled to a reduction in his 60-month sentence. A review of his motion reveals no basis for his assertion, which means that his motion must be denied.

BACKGROUND FACTS

Petitioner was indicted in 2013, charged with possession with intent to distribute heroin and possession of a firearm in furtherance of a drug trafficking crime. After entering a plea of guilty to a superseding indictment, he was sentenced on May 14, 2014 to a term of 27 months on the distribution count and five years on the possession of a firearm charge to run consecutively.

Petitioner did not appeal either his conviction or sentence. On May 8, 2017, he

1

brought this motion, which he calls a "motion to dismiss conviction and vacate sentence for count 4 (§ 924(c)(1)) under 28 U.S.C. § 2254."

OPINION

It is difficult to understand petitioner's arguments in support of his claim that he is entitled to a reduction in his sentence. For example, he argues that his conviction for violating 18 U.S.C. § 924(c) is illegal "because the predicate offense of possession with intent to distribute heroin under [21 U.S.C.] §841(a) does not qualify as a 'crime of violence' as a matter of law." Pet., dkt. #43-1, at 7. This statement makes no sense: petitioner was sentenced for having committed a drug trafficking crime while possessing a firearm. He was not sentenced for a "crime of violence."

Petitioner has other arguments, but most are misdirected. He seems to believe that his case involves many of the issues raised in Johnson v. United States, 135 S. Ct. 2551 (2015), but this is a mistake. The primary issue in Johnson turned on whether certain *prior* convictions qualified as "violent felonies" justifying a sentence in excess of the statutory maximum. It has no application to the crime committed by petitioner under 18 U.S.C. § § 924(c), which authorized higher sentences on persons who commit a crime of violence *or* drug trafficking crime while carrying a firearm. And, because Johnson concerned *prior* convictions, the decision does not apply to petitioner's convictions, which were imposed together when he was sentenced in this court. Thus, there is no reason to consider petitioner's arguments about when the statute of limitations starts running for claims raised

2

under Johnson, such as who decides that question, whether Johnson applies to second or successive petitions and how the statute should be interpreted.

I conclude, therefore, that petitioner is not entitled to relief under 28 U.S.C. § 2255. His petitioner must be denied.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Petitioner has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.

ORDER

IT IS ORDERED that petitioner David T. Taylor's motion for post conviction relief is DENIED. Further, it is ordered that no certificate of appealability shall issue. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22

Entered this 12th day of June, 2017.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge